IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:26-cv-01069-SKC

KEILA DANIELA BRACHO CORTEZ,

     Petitioner,

v.

TODD BLANCHE, *et al.*,

     Respondents.

---

## ORDER

---

Petitioner Keila Daniela Bracho Cortez, an asylum applicant, entered the United States without inspection in 2023 and has resided here continuously since then. Dkt. 14, ¶¶1, 3. She lives in Denver, Colorado, with her husband and five-year-old daughter, was employed as a Teacher Assistant at Westwood Academy, was enrolled at the University of Denver pursuing a degree in nursing, and has no criminal history. *Id.* at ¶¶6, 59. She is presently detained at the Denver Contract Detention Facility in Aurora, Colorado. *Id.* at p.3.

After she entered the United States in 2023, Ms. Bracho Cortez was arrested by Immigration and Customs Enforcement but was then released on her own recognizance. *Id.* at ¶1; Dkt. 9-1, ¶5. She subsequently applied for a work authorization and was granted a five-year term of work which is set to expire on

February 25, 2030. Dkt. 14, ¶1. On February 12, 2026, Ms. Bracho Cortez arrived for a regularly scheduled monthly check-in where she was apprehended by ICE agents.[1] *Id.* at ¶¶7, 11. According to Respondents, Ms. Bracho Cortez is being detained under 8 U.S.C. § 1225(b)(2)(a). Dkt. 9-1, ¶11.

Ms. Bracho Cortez filed a Petition for Writ of Habeas Corpus and Motion for Temporary Restraining Order and Preliminary Injunction on March 16, 2026, seeking an order from this Court directing Respondents to affect her immediate release, or in the alternative, to provide her with a bond hearing. Dkt. 1; Dkt. 2. This Court ordered Respondents[2] to respond to the Petition within seven days of service and show cause why it should not be granted. Dkt. 5. Respondents filed their Response to the Petition on April 1, 2026, and argued that the Court should dismiss the Petition because Petitioner failed to name her immediate custodian, Juan Baltazar, the Warden of the Denver Contract Detention Facility. Dkt. 9, p.4. Dkt. 15. The Court agreed with Respondents and ordered Petitioner to file an Amended Petition naming Juan Baltazar. Dkt. 12. On April 9, 2026, Petitioner filed her Amended Petition. Dkt. 14. Respondents filed their Response on April 20, 2026. Dkt. 19.

---

[1] Petitioner alleges her arrest was not made pursuant to a warrant while Respondents insist that it was.

[2] "Respondents" refers to Todd Blanche, the Acting United States Attorney General; Markwayne Mullin, the Secretary of the United States Department of Homeland Security; Todd Lyons, the Acting Director of ICE; George Valdez, the Acting Director of the Denver ICE Field Office; and Juan Baltazar, the Warden of the Denver ICE Detention Center.

The Court has jurisdiction over this matter under Section 2241 of Title 28, which authorizes it to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "[T]he traditional function of the writ is to secure release from illegal custody." *Id.* Noncitizens may properly challenge the lawfulness of their detention through habeas proceedings. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).

The Court has considered the Amended Petition, the Response, the various attachments, and the governing law. Because Ms. Bracho Cortez's challenge is fundamentally legal in nature, the Court declines to hold a hearing. *See* 28 U.S.C. § 2243. For the reasons shared in the following discussion, the Court GRANTS the Petition.

## ANALYSIS

This matter presents a similar factual background and procedural posture to another of the Court's recent cases, *Aleman Hernandez v. Baltazar*, No. 1:25-cv-3688-SKC-SBP, 2025 WL 3718159, at *1 (D. Colo. Dec. 23, 2025). In *Aleman Hernandez*, this Court conducted a review of the governing statutes relied on by the parties here and concluded that when 8 U.S.C. §§ 1225 and 1226 are read together, they "cover [noncitizens] presenting at arrival (under § 1225) and then *everybody else* (under § 1226)." *Aleman Hernandez*, 2025 WL 3718159, at *6 (citing *J.G.O. v. Francis*, No.

3

25-CV-7233 (AS), 2025 WL 3040142, at \*4 (S.D.N.Y. Oct. 28, 2025)) (emphasis in original). Because Mr. Hernandez had been present in the United States for more than a decade, the Court found that Respondents were unlawfully detaining him under § 1225, and that he was only properly detained under § 1226. *Id.*

Respondents contend that Petitioner is subject to mandatory detention because she "entered the United States without admission in November 2023," and "because she was detained very shortly after she entered the United States . . . she is differently situated than other noncitizens who were not apprehended shortly after entry, but rather, were encountered within the United States after living in the country for years." Dkt. 19, p.4. However, Respondents' conduct with respect to Ms. Bracho Cortez tells a different story.

In this case, the Government has consistently treated Ms. Bracho Cortez as detained under § 1226(a) since she entered the United States, and settled law precludes the Government from switching gears to argue she is now somehow subject to § 1225(b)(2). *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at \*5 (N.D. Ill. Oct. 24, 2025). To begin, after Ms. Bracho Cortez was arrested in 2023, DHS then released her on her own recognizance.[3] Dkt. 14, ¶1. "Courts [including this one] have

---

[3] That she was released on her own recognizance reflects "a determination by the government that [Ms. Bracho Cortez] is not a danger to the community or a flight risk." *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at \*7 (N.D. Cal. Sept. 12, 2025). There is no suggestion that Ms. Bracho Cortez has committed any crimes since entering the country.

recognized that release on recognizance constitutes a form of conditional parole from detention housed in the provisions of § 1226's discretionary detention." *Patel*, 2025 WL 2996787, at *5; *see also Marrero Yera v. Baltazar*, No. 1:26-cv-00476-SKC-SBP, 2026 WL 472014, at *2 (D. Colo. Feb. 19, 2026); *Diallo v. Baltazar*, No. 1:25-cv-3548-SKC, 2026 WL 237296, at *2 (D. Colo. Jan. 29, 2026); *J.U. v. Maldonado*, No. 25-CV-04836 (OEM), 2025 WL 2772765, at *6 (E.D.N.Y. Sept. 29, 2025) (collecting cases); *Martinez v. Hyde*, 792 F. Supp. 3d 211, 215 (D. Mass. 2025) (Respondents' contrary theory of the procedural history cannot make sense of Petitioner's release on recognizance because individuals detained following examination under section 1225 can only be paroled into the United States "for urgent humanitarian reasons or significant public benefit."). Respondents argue that "the facts here would suggest that Petitioner should not have [been] released *at all* in December 2023, and that by re-detaining her in February 2026, ICE was simply rectifying the situation." Dkt. 19, p.6 (emphasis in original). The Court finds this argument self-serving and will not base its decision on what Respondents argue they should have done, but rather, what they *did do* and how they *actually treated and classified* Mr. Bracho Cortez in 2023, which was as a noncitizen under § 1226.

In addition, Ms. Bracho Cortez was given an authorization to work. Dkt. 14, ¶1. To be sure, a noncitizen cannot be given work authorization "unless the [noncitizen] is *lawfully admitted* for permanent residence or *otherwise would (without regard to removal proceedings)* be provided such authorization." 8 U.S.C. § 1226(a)(3)

(emphasis added). Because "the Government has affirmatively decided to treat [Petitioner] as being detained under Section 1226(a)[,] it cannot now be heard to change its position to claim that [s]he is detained under Section 1225(b)." *Patel*, 2025 WL 2996787, at *6. *See also Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023), quoting *DHS v. Regents of the Univ. of Cal.*, 591 U.S. 1, 24 (2020) (the "[*SEC v. Chenery Corp.*, 318 U.S. 80, 95 (1943)] doctrine requires an agency to 'defend its actions based on the reasons it gave when it acted' in the interest of promoting agency accountability, instilling confidence in agency decisions, and maintaining an orderly process of review."). Therefore, Ms. Bracho Cortez's continued detention pursuant to § 1225 is unlawful.

In her prayer for relief, Ms. Bracho Cortez requests an order of release or, alternatively, an order compelling a bond hearing. The Court notes, however, that § 1226(a) does not *require* release but instead provides the Department of Homeland Security with the discretion to grant a noncitizen release on bond. 8 U.S.C. § 1226(a). But § 1226(a) also requires a noncitizen may only be arrested on a warrant issued by the Attorney General, and Petitioner claims she was not arrested on a warrant. Dkt. 14, ¶21. Respondents submitted a declaration that contradicts the Petition and states that Ms. Bracho Cortez was arrested on a warrant. Dkt. 9-1, ¶10. However, Respondents do not attach the warrant to their Response; as such, the Court only has competing statements on whether there was a warrant. And because Respondents failed to attach the warrant, the Court finds that the appropriate remedy is

immediate release. *See* Fed. R. Evid. 1002 ("An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise.").

\* \* \*

For the reasons shared above, Keila Daniela Bracho Cortez's Petition for Writ of Habeas Corpus is **GRANTED**[4] and the Court **ORDERS** as follows:

1. Ms. Bracho Cortez is not subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), and Respondents are **PERMANENTLY ENJOINED** from detaining her under 8 U.S.C. § 1225(b)(2)(A).

2. Respondents shall immediately release Ms. Bracho Cortez from detention.

3. To effectuate the purpose of this Court's Order and allow Ms. Bracho Cortez to return home, Respondents are also temporarily enjoined from detaining Ms. Bracho Cortez pursuant to 8 U.S.C. § 1226 for a period of fourteen days.

4. Within five (5) days of the date of this Order, Respondents shall confirm in writing Petitioner's release from custody.

5. This Court retains jurisdiction over this matter to ensure Respondents comply with this Order.

DATED:    April 23, 2026.

---

[4] To the extent Petitioner's Counsel seeks an award of attorney's fees, he must file a separate motion for fees that complies with the Federal Rules of Civil Procedure and the Local Rules of Practice for this District.

BY THE COURT

S. Kato Crews
United States District Judge